## Case No. 17,674.

### WILKINSON v. POMEROY.

#### [9 Blatchf. 513.] [1]

Circuit Court, S. D. New York. April 4, 1872.

PLEADING AT LAW—BREACH OF PROMISE—SPECIAL PLEAS—GENERAL ISSUE—EVIDENCE—MITIGATION OF DAMAGES—SCANDALOUS MATTER.

1. A plea, without a conclusion, is no plea.

2. A plea of the general issue, in an action for breach of promise of marriage, may be treated as a nullity, under rule 26 of this court, if not accompanied by the affidavit and the certificate required by that rule.

3. A special plea, in such an action, may be treated as a nullity, under rule 27 of this court, if not accompanied by the certificate required by that rule.

4. Matter pleadable in bar, in such an action, if intended to show that the plaintiff had no subsisting cause of action when the suit was commenced, can be given in evidence under the general issue.

5. In such an action, evidence of acts of misfeasance, immediately connected with the cause of action, or evidence showing an equitable defence arising out of the cause of action, if admissible at all, can be given in evidence, in mitigation of damages, under a plea of the general issue.

6. In such an action, matter, in a plea, which attributes to the plaintiff habits, disposition, temper, and acts, in such wise as would warrant an action for libel against whoever should publicly make such charges by printing or writing, is irrelevant, impertinent, and scandalous, and will be stricken out, on motion.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[This was an action by Sadie E. Wilkinson against Mark M. Pomeroy to recover damages for breach of promise to marry. Heard on motion to strike out a paper filed by defendant as a pleading.]

Benjamin F. Butler and Sidney DeKay, for plaintiff.

James D. Reymert, for defendant.

BLATCHFORD, District Judge. This is an action for breach of promise of marriage. The declaration contains two counts. The first count is in the usual form. It alleges the plaintiff to have been, and to be, unmarried, and that the defendant married another person. The second count alleges, that the defendant, being a married man, and having a lawful wife alive, promised to marry the plaintiff, she being unmarried, and believing the defendant to be unmarried.

The defendant has put in, in answer to the declaration, a paper which denominates itself as being "pleas," and which contains four parts.

The first part professes to be an answer to only the first count of the declaration. It is, in substance, a plea of the general issue to such first count, denying any promise to marry by the defendant, and all else in it being surplusage. But it has no conclusion. It does not conclude to the country, nor does it conclude with a verification. It is, in fact, no plea at all. If regarded as a plea of the general issue, the plaintiff would have a right to treat it as a nullity, under rule 26, because, being put in in an action on contract, it has not annexed to it, and filed with it, an affidavit of the defendant, that he has a good and substantial defence on the merits, as he is advised by his counsel, and verily believes, together with a certificate of counsel, that he so advised the defendant.

The second part of the paper purports to be, if anything, a special plea to the first count of the declaration. But it purports, on its face, to be equivalent to the general issue, for it concludes to the country. Yet it calls itself a "further plea." Regarded as a plea of the general issue, the plaintiff would have the right to treat it as a nullity, for the reason above given in respect to the first part. Regarded as a special plea, he would have a right to treat it as a nullity, under rule 27, as not being accompanied by the certificate of a counsellor of this court, that, in his opinion, it is well founded. It contains some matter, which, if pleadable at all in bar, is intended to show that the plaintiff had no subsisting cause of action when the suit was commenced. Such matter can be given in evidence under the general issue. The rest of the matter in it is matter not in bar, but matter which, if it could be taken into consideration at all, would be matter only in mitigation of damages. As such, it could, in an action of assumpsit, such as this is, be given in evidence, if admissible at all, under a plea of the general issue, as being evidence of acts of misfeasance, immediately connected with the cause of action, or evidence showing an equitable defence arising out of the cause of action. Withers v. Green, 9 How. [50 U. S.] 213; Van Buren v. Digges, 11 How. [52 U. S.] 461; Winder v. Caldwell, 14 How. [55 U. S.] 434; Miller v. Smith [Case No. 9,590].

The matter last referred to has, therefore, no proper place in these pleadings. It is open to the further objection, that, being irrelevant and impertinent, it is also scandalous. It attributes to the plaintiff habits, disposition, temper, and acts, in such wise as would warrant an action for libel against whoever should publicly make such charges by printing or writing.

The third part of the paper purports to be, if anything, a plea of the general issue to the second count of the declaration; but it has no conclusion, either to the country or with a verification. If regarded as a plea of the general issue, it could have been treated as a nullity, for the reasons before stated in regard to the first part of the paper. It denies any undertaking to marry the plaintiff, and all the rest of it is surplusage.

The fourth part of the paper purports to be, if anything, a special plea to the second count of the declaration, but it concludes to the country, thus claiming to be equivalent to the general issue. It calls itself a "further plea." Regarded either as a plea of the general issue, or as a special plea, it could have been treated as a nullity, for the reasons before stated in regard to the preceding parts of the paper. It is made up of matter of two classes, falling under the descriptions above given of the matter in the second part of the paper, and contains like scandalous allegations in respect to the plaintiff.

There is nothing in the paper which confesses either of the causes of action in the declaration, and then avoids them.

The plaintiff moves that this paper be stricken out as impertinent and scandalous, and that judgment, with costs, for the plaintiff, be given on the pleadings, and for such other rule or order as to the court may seem meet. The motion is granted, so far as to strike out the paper as a pleading. Wilder v. Gayler [Case No. 17,649]; Varnum v. Campbell [Id. 16,887]. But the defendant will be allowed, within ten days, to plead the general issue, if he desires, by a plea properly verified and certified under rule 26, provided he will also accept notice of trial for the present term of the court, the cause to be put on the calendar for trial thereat.

[For hearing on a demurrer to the first plea of defendant, see Case No. 17,675.]